# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN CHEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-15-1246-D |
| FEDERAL BUREAU OF PRISONS et al., | ) ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff John Chen, a federal prisoner appearing pro se, has filed a document purporting to challenge the conditions of his confinement and seeking injunctive relief against the Federal Bureau of Prisons and the U.S. Marshals Service. *See* Compl. (Doc. No. 1). District Judge Timothy D. DeGiusti has referred this matter to the undersigned Magistrate Judge for initial proceedings in accordance with 28 U.S.C. § 636. For the reasons that follow, Plaintiff's action should be dismissed without prejudice because he has failed to prosecute his case.

### Background

On November 9, 2015, Plaintiff filed a three-page handwritten letter, which the Court liberally construed as a complaint under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See* Compl. at 1-3; Order to Cure Deficiency (Doc. No. 4). By Order dated November 18, 2015, the Court advised Plaintiff of certain deficiencies in his pleading and informed him that for the action to proceed he

must either pay the required $400.00 filing fee or apply for leave to proceed *in forma pauperis* ("IFP"). The Court also warned Plaintiff that his failure to comply with the Court's Order by December 9, 2015, could result in the dismissal of this action.

The Clerk's Office promptly mailed the Order, along with a copy of this Court's Local Civil Rules, IFP Application Form, and Change of Address Form, to Plaintiff at his address of record. There is no indication on the Court's docket that Plaintiff did not receive these documents. As of today's date, however, Plaintiff has submitted no further filings to the Court, and no payments have been submitted to the Clerk of Court either by Plaintiff or on his behalf.

Analysis

This Court has inherent authority to clear its "calendar[] of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). "Dismissal for failure to prosecute is a recognized standard operating procedure in order to clear the deadwood from courts' calendars where there has been prolonged and unexcused delay," *Bills v. United States*, 857 F.2d 1404, 1405 (10th Cir. 1988), or to "sanction a party for failing to . . . comply with local or federal procedural rules," *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs.*, 552 F.3d 1233, 1236 (10th Cir. 2009) (internal quotation marks omitted). "When dismissing a case without prejudice, a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *AdvantEdge Bus. Grp.*, 552 F.3d at 1236 (internal quotation marks omitted); *accord*

*Robledo-Valdez v. Smelser*, 593 F. App'x 771, 774-75 (10th Cir. 2014) (citing Fed. R. Civ. P. 41(b)).

After Plaintiff's initial failure to pay the filing fee or request that he be excused from doing so, the Court explained to Plaintiff the actions required of him and granted him additional time to comply. Plaintiff was warned, however, that any further failure to comply with the Court's rules, and to do so by a date certain, may result in his case being dismissed. Despite being given ample opportunity to do so, Plaintiff has not taken the steps necessary to prosecute his case. *See Robledo-Valdez*, 593 F. App'x at 774. Plaintiff's failure to comply with the Court's orders and deadlines leaves the Court unable to "achieve [an] orderly and expeditious" resolution of this action. *Link*, 370 U.S. at 631; *see* LCvR 3.1, 3.2, 3.3(d).

## Recommendation

For the reasons set forth above, the undersigned recommends dismissal of this action without prejudice and without imposition of fees or costs.

## Notice of Right to Object

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by February 18, 2016, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

ENTERED this 28th day of January, 2016.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE